IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Markiss Devon Lee, | ) | Civil Action No. 1:15-4415-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Perry Correctional Institution; Byron | ) | |
| Sterling; Director Larry Cartledge, Warden; | ) | |
| Ms. Paloe, Grievance Counselor; Lt. J. | ) | |
| Palmer; Sgt. Rodgers; Sgt. Thurber; *and* | ) | |
| Ofc. J. Schmidt, *sued in individual and* | ) | |
| *official capacities, all defendants acted* | ) | |
| *under the color of state law*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this case be summarily dismissed without prejudice and without service of process. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses this action without prejudice.

I. **Background**

Plaintiff alleges that on June 2, 2015, inmates flooded the wing where he was housed at PCI and that Defendants injured his right hand when they handcuffed him and removed him from his cell to clean the water in his cell. (Dkt. No. 1 at 3.) Plaintiff further alleges Defendants stripped him down to his boxers and took all his property, including his mattress, for three days. (*Id.* at 5.) Plaintiff states that he filed a Step 1 Inmate Grievance Form and a Step 2 Inmate Grievance Form, but that his Step 2 grievance has not been answered.[1] (*Id.* at 2, 6.) In this action, Plaintiff seeks

---

[1] The South Carolina Department of Corrections provides for administrative review of inmate complaints in two steps. A Step 1 grievance is evaluated by the warden; any appeal from the

-1-

declaratory relief and monetary damages for claims of cruel and unusual punishment, excessive force, and violation of due process rights. (*Id.* at 2, 9.) The Magistrate Judge recommended summary dismissal without prejudice on November 10, 2015. (Dkt. No. 8.) Plaintiff filed no objections to the recommendation of the Magistrate Judge.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

---

warden's decision to a "responsible official" is designated as Step 2. The responsible official must render a decision on the appeal within sixty days, and that decision is the Department of Correction's final response in the matter. *See* S.C. Dep't Corrs., *Inmate Grievance System*, Policy GA-01.12.

### III. Analysis

A prisoner must exhaust his administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997(e). Failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), but if the lack of exhaustion is apparent from the face of the complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). Because Plaintiff admits that "he is awaiting a response" to his Step Two grievance (Dkt. No. 1 at 2, 6), it is clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies. The Court therefore summarily dismisses this action without prejudice for failure to exhaust administrative remedies.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 8) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

Jun 2, 2016
Charleston, South Carolina